James H. Boomer, J.
The petitioners are both volunteer firemen who have moved from their fire district. Their fire company has voted to retain them as firemen despite their change of residence, but the Commissioners of the fire district have refused to recognize them as members. Petitioners bring this article 78 proceeding to annul the alleged action' of the Commissioners of the district in removing petitioners from the membership roll.
Section 176-b of the Town Law provides that the membership of a volunteer member of a fire company terminates when he moves from his district (§ 176-b, subd. 4). A fire company may nevertheless authorize his continued membership, but the “ authorization shall not become effective unless approved by resolution of the board of fire commissioners.” (§ 176-b, subd. 5). A new member may be elected even though he lives outside of the fire district if authorized by the fire company, but the authorization “ shall not become effective unless approved by resolution of the board of fire commissioners.” (§ 176-b, subd. 6). As to new members only, ‘ ‘ Membership shall be deemed to have been approved pursuant to this subdivision in the event that no action is taken by the board of fire commissioners, either approving or disapproving within seventy days after service of written notice of election to membership shall have been made by the secretary of the fire company upon the secretary of the board of fire commissioners, either personally or by mail.” (§ 176-b, subd. 6).
The' only allegations in the petition concerning approval by the Board of Fire Cpmmissioners appear in paragraphs 9, 11, 12, arid 18 where petitioners state, as to each petitioner, that the members of the fire company approved the change of address and directed a new roster of members be sent to the Board of Fire Commissioners showing the new address outside the fire district; that such new roster was filed with the Commissioners and within 20 days thereafter, “upon information and belief ”, was approved by the Commissioriers at its meeting; and that, “ upon information and belief ”, the Commissioners “ either approved, the action of the fire company as aforesaid at the time your Petitioners moved from the District, or ratified the same by approval of the official roster in the subsequent years aforesaid.”
The respondent Commissioners deny théy had, by resolution or otherwise, approved any authorization of the fire company *979 to retain the petitioners. And they deny they have ever approved any membership roster. They say they receive rosters for informational purposes, but take no action to approve them.
As a matter of law, I hold the allegations of the petition to be insufficient. The statute requires that the approval of the Commissioners be by resolution, and obviously the resolution must come after the board is notified of. the authorization of the company to retain a member who has removed from the district. The forwarding to the Commissioners of a new roster of the membership of a company, even though it bears a new address for one of the members, does not give sufficient notice to the Commissioners that the fire company has voted to authorize the retention of that member. The approval by the Commissioners of the new roster is not, therefore, approval of authorization to continue the membership of a member who has moved outside the district.
Other allegations of the petition show that, in March of 1973, the members of the fire company voted to authorize the retention of the petitioners and this authorization was sent to the Commissioners for their approval. But copies of the minutes of the Commissioners’ meeting clearly show that the Commissioners acted promptly and, by resolution, refused to approve the authorization.
The petition is dismissed.